UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------x

JOSE R. ALMONTE,

        Plaintiffs,

    -v-                                 No.  06 Civ. 15217 (LTS)(FM)

MICHAEL MCGOLDRICK, ROBERT
BARRETT, JAMES VAN CURA, GERRY
KUZIAN, and JOHN DOES # 5-11, in their
individual and official capacities,

        Defendants.

--------------------------------------------------------x


### MEMORANDUM OPINION AND ORDER

        <u>Pro se</u> Plaintiff Jose R. Almonte ("Plaintiff"), brings this action seeking money damages on the basis of Defendants' alleged violations of the United States Constitution in connection with Plaintiff's arrest and imprisonment from February to April 2004.[1]  Defendants Michael McGoldrick, Robert Barrett, James Van Cura and Gerry Kuzian move pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure to dismiss Plaintiff's Second

---

[1]     In Plaintiff's prayer for relief, he requests only money damages for his incarceration between February 13 and April 28, 2004.  The body of his Second Amended Complaint, however, also contains allegations that a sum of currency on Plaintiff's person was improperly seized during his arrest and that a motor vehicle was separately seized illegally.  Plaintiff thereafter made motions requesting the return of this property, which the Court denied without prejudice because separate forfeiture proceedings had been commenced in connection with this property, pursuant to 18 U.S.C. § 983(a).  (<u>See</u> Docket Entry Nos. 35 and 37.)  Therefore, to the extent the Second Amended Complaint seeks the return of the seized property itself, that request for relief is dismissed without prejudice.

Amended Complaint ("SAC").[2]  The Court has jurisdiction of this action pursuant to 28 U.S.C. §

1331.

   The Court has considered thoroughly the parties' submissions.  For the following

reasons, the motion to dismiss the SAC is granted.


BACKGROUND

   The following relevant facts, which are taken as true for purposes of this motion

practice, are either alleged in the SAC, liberally construed, or based on court filings of which the

Court may take judicial notice.

   On December 16, 2003, an Indictment was filed in the Western District of North

Carolina, charging Plaintiff with one count of conspiracy to possess with intent to distribute

narcotics, to wit, marijuana and cocaine, in violation of federal narcotics laws.  (Decl. of Tomoko

Onozawa dated April 17, 2008 (hereinafter "Onozawa Decl."), Ex. A.)  A warrant was issued the

next day for Plaintiff's arrest.  Although the warrant was signed by the issuing officer, who was the

Clerk of Court, the warrant was not signed by a magistrate judge.  (SAC at 3; Opp'n Ex.[3])

---

[2]    Although the motion is not technically raised on behalf of the John Doe Defendants,
the Court refers to the motion as being that of "Defendants'" for the sake of
simplicity.

   Defendants rely in part on a declaration and request that their motion to dismiss be
converted to a motion for summary judgment pursuant to Rule 12(d) of the Federal
Rules of Civil Procedure.  However, because the outcome would not be any different
if the motion were converted, Defendants' request is denied.

[3]    Although Plaintiff alleges that the arrest warrant was not issued until April 28, 2004,
Plaintiff does not address the fact that the signature of the issuing officer on the
warrant is dated December 17, 2003, nor does he question the authenticity of the
document, copies of which are provided by Plaintiff himself.  As Plaintiff's allegation
is contradicted clearly by the court filing, the Court need not construe that particular
allegation as true.

On the morning of February 13, 2004, Defendants Michael McGoldrick ("McGoldrick"), Robert Barrett ("Barrett") and James Van Cura ("Van Cura"), who were agents with the United States Drug Enforcement Agency ("DEA"), and Gerry Kuzian ("Kuzian"), an officer of the New York State police (collectively "the arresting defendants"), arrested Plaintiff, claiming to have a federal warrant for his arrest, seized a sum of currency found on his person and confined him at a DEA facility in downtown Manhattan.  When Plaintiff asked to see the arrest warrant, they did not show it Plaintiff.  At 12:50 p.m., Plaintiff again asked for a copy of the arrest warrant but did not see it.  Plaintiff was not read his Miranda rights until 11:00 p.m.  (SAC at 2.)  At that time, McGoldrick told Plaintiff that he found drugs and money in a secret compartment in Plaintiff's car, which had been seized without a search warrant and without Plaintiff's consent.  (SAC at 2, 5.)  Plaintiff did not know that drugs and currency was secretly stashed in the car.  (Id. at 5.)

Soon thereafter, Plaintiff was charged in a state criminal complaint with possessing four or more ounces of narcotics in violation of New York law.  On February 15, Plaintiff appeared in state criminal court, was appointed counsel, and a $300,000 bond was set.  Plaintiff asked for a copy of the arrest warrant, but was not provided it.[4]  Unable to satisfy bail, Plaintiff was detained at a state detention facility.  (SAC at 3.)  According to Plaintiff's opposition papers, he was never charged with the state crime in an indictment and the charges were eventually dropped on November 8, 2004. (Opp'n at 3.)

On or about March 31, 2004, a writ of habeas corpus ad prosequendum was entered in the Western District of North Carolina, authorizing the transfer of Plaintiff from state to federal custody for purposes of Plaintiff's appearance in the federal criminal proceeding.  (Onozawa Decl.

---

[4]  The SAC is not clear as to whether he asked the judge or the arresting defendants for this information.

Ex. C.)  On April 13, 2004, Defendant John Doe #5, a United States Marshal, and Defendant John Doe #6, a federal detention officer, interrogated Plaintiff and transported him to a federal detention facility in Brooklyn and, on the next day, Defendants John Does #7 and #8, United States Marshals, took him to the airport where he was transported to a federal detention center in North Carolina. (SAC at 3.)  On April 28, 2004, Plaintiff was arraigned before a federal magistrate judge.  (Id.)

Defendant John Does #9-#11 are identified as United States Marshals in the caption of the SAC, but no allegations are made as to them anywhere in the SAC.

The arrest warrant was eventually returned to the district court in the Western District of North Carolina and filed on May 5, 2004.  (Onozawa Decl. Ex. B.)  Plaintiff asserts in his opposition papers that he did not receive copies of the arrest warrants (the one issued on December 17, 2003, and the one that was purportedly executed by the arresting officer and returned on May 5, 2004) until June and July 2004, respectively.  (Opp'n Ex.)

Plaintiff entered into a plea agreement with the government in April 2005 (Onozawa Decl. Ex. F), pled guilty to the Western District of North Carolina indictment and, on November 17, 2005, the federal district court sentenced Plaintiff principally to 121 months of imprisonment.  (Id. Ex. G.)  Plaintiff filed notices of appeal in November and December 2005 and, on December 28, 2006, the Fourth Circuit affirmed the judgment below.  (Id. Exs. H, I, J.)

In the SAC, Plaintiff seeks damages for the "two and one-half months" of imprisonment Plaintiff alleges was improper.  (SAC at 5.)  The Court construes Plaintiff's prayer for relief as focused on the two and a half months of imprisonment between February 13 and April 28, 2004.

Construed liberally, the SAC seeks money damages against Defendants in their individual and official capacities pursuant to Bivens v. Six Unknown Named Federal Agents, 403

U.S. 388 (1971), premised on the claims that Plaintiff was not read his <u>Miranda</u> rights in violation of

his Fifth Amendment right to avoid self-incrimination, and that Plaintiff was unreasonably seized in

violation of the Fourth Amendment, by virtue of the allegedly warrantless arrest and/or lack of a

probable cause hearing following his arrest.  In addition, Plaintiff appears to seek damages arising

from the allegedly unlawful seizures of his currency and his vehicle.


<u>DISCUSSION</u>

In considering a motion to dismiss a complaint under Rule 12(b)(6) of the Federal

Rules of Civil Procedure, the court must accept as true the material facts alleged in the complaint

and draw all reasonable inferences in the plaintiff's favor.  <u>Grandon v. Merrill Lynch & Co., Inc.</u>,

147 F.3d 184, 188 (2d Cir. 1998); <u>Torres v. Mazzuca</u>, 246 F. Supp. 2d 334, 338 (S.D.N.Y. 2003).

This rule "applies with particular force where the plaintiff alleges civil rights violations or where

the complaint is submitted <u>pro se</u>."  <u>Fernandez v. Chertoff</u>, 471 F.3d 45, 52 (2d Cir. 2006).

Moreover, complaints prepared by <u>pro se</u> plaintiffs should be construed liberally, held to "less

stringent standards than formal pleadings drafted by lawyers," <u>Erickson v. Pardus</u>, 127 S.Ct. 2197,

2200 (2007), and interpreted "to raise the strongest arguments that they suggest."  <u>Knight v. Keane</u>,

247 F. Supp. 2d 379, 383 (S.D.N.Y. 2002) (quoting <u>Burgos v. Hopkins</u>, 14 F.3d 787, 790 (2d Cir.

1994)).  Specific facts are not necessary so long as the pleading "give[s] the defendants fair notice

of what the claim is and the grounds upon which it rests."  <u>Erickson</u>, 127 S.Ct. at 2200 (citing <u>Bell</u>

<u>Atl. Corp. v. Twombly</u>, 127 S. Ct. 1955 (2007) and Fed. R. Civ. P. 8(a)(2)).

Nonetheless, a pleader must also "amplify a claim with some factual allegations in

those contexts where such amplification is needed to render the claim <u>plausible</u>."  <u>Iqbal v. Hasty</u>,

490 F.3d 143, 157-58 (2d Cir. 2007) (citing <u>Bell Atl. Corp. v. Twombly</u>, 127 S.Ct. 1955 (2007)).

The complaint "must contain specific allegations of fact which indicate a deprivation of

constitutional rights; allegations which are nothing more than broad, simple and conclusory

statements are insufficient to state a claim under § 1983." <u>Torres</u>, 246 F. Supp. 2d at 338 (quoting

<u>Alfaro Motors, Inc. v. Ward</u>, 814 F.2d 883, 887 (2d Cir. 1987)).


<u>*Claims Brought Against Defendants in their Official Capacities Are Dismissed*</u>

＿＿＿＿＿＿The Court construes the SAC as being brought against the Defendants in both their

individual and official capacities.  See <u>Frank v. Relin</u>, 1 F.3d 1317, 1326 (2d Cir. 1993) ("a plaintiff

who has not clearly identified in her complaint the capacity in which the defendant is sued should

not have the complaint automatically construed as focusing on one capacity to the exclusion of the

other.").  The claims brought against Defendant Kuzian, a New York State police officer, in his

official capacity are brought against the State of New York, and the claims brought against the

remaining Defendants, who were federal DEA agents or United States Marshals, in their official

capacities are brought against the United States.  See <u>Monell v. New York City Dep't of Soc.</u>

<u>Servs.</u>, 436 U.S. 658, 690 n.55 (1978) ("official-capacity suits generally represent only another way

of pleading an action against an entity of which an officer is an agent").

            Plaintiff's claims must be dismissed insofar as they are being asserted against the

named Defendants in their official capacities.  Defendants' motion is granted as to Plaintiff's

claims against Defendant Kuzian in his official capacity, as the State of New York is immune from

a suit for money damages under the Eleventh Amendment to the United States Constitution.  See

<u>Kentucky v. Graham</u>, 473 U.S. 159, 167 (1985) ("the Eleventh Amendment bars a damages action

against a State in federal court.  This bar remains in effect when State officials are sued for

damages in their official capacity.").  With respect to the remaining Defendants, it is well

established that the United States is entitled to sovereign immunity, and that it has not waived its sovereign immunity as to constitutional tort claims for money damages.  See Robinson v. Overseas Military Sales Corp., 21 F.3d 502, 510 (2d Cir. 1994).  Accordingly, Plaintiff's Bivens claims as asserted against all the Defendants in their official capacities are dismissed.

       To the extent that Plaintiff asserts claims against the United States under the Federal Tort Claims Act ("FTCA"), such claims must also be dismissed.  The FTCA provides that a "tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues."  28 U.S.C. § 2401(b) (West 2006).  Therefore, unless a plaintiff has first timely exhausted his administrative remedies, the Court has no subject matter jurisdiction of the FTCA claim.  See McNeil v. United States, 508 U.S. 106, 113 (1993).  Accrual of an FTCA claim generally begins at the time the injury or harm is inflicted, or when the plaintiff knows both the existence and cause of his injury.  See United States v. Kubrick, 444 U.S. 111, 120 (1979); Kronisch v. United States, 150 F.3d 112, 121 (2d Cir. 1998).  The burden is on the plaintiff to both plead and prove compliance with the statutory requirements, see In re Agent Orange Prod. Liab. Litig., 818 F.2d 210, 214 (2d Cir. 1987), and this requirement applies with equal force to pro se litigants.  See Adelke v. United States, 355 F.3d 144, 153 (2d Cir. 2004).  There is no allegation that Plaintiff filed an administrative claim at any time, nor does Plaintiff assert as much in his opposition papers in response to the Government's argument that any FTCA claims ought to be dismissed.  Therefore, Defendants' motion is granted as to Plaintiff's FTCA claims against the United States, to the extent that they are pled in the SAC.

       For these reasons, all of Plaintiff's claims as asserted against Defendants in their official capacities are dismissed.

*Claims Against John Does #5-#11 Are Dismissed*

Plaintiff's claims against Defendants John Does #5-#11 in their individual capacities must be dismissed for failure to state a claim.  With respect to John Does #5 and #6, Plaintiff alleges merely that they interrogated Plaintiff and transported him to a federal detention facility in Brooklyn and, with respect to John Does #7 and #8, that they took him to the airport where he was transported to a federal detention center in North Carolina.  None of these alleged actions taken in the context of the criminal proceedings and the authorized transfer from state to federal custody may be construed to plausibly allege a constitutional violation.  No allegations are made with respect to John Does #9-#11.  Accordingly, Plaintiffs' claims against John Does #5-#11, as asserted against them in their individual capacities, are dismissed.

*Plaintiff's Remaining Claims are Barred by Res Judicata*

Under the doctrine of res judicata, "[p]rovided the parties have had a full and fair opportunity to litigate the matter, a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action."  Channer v. Dep't of Homeland Sec., 527 F.3d 275, 279 (2d Cir. 2008) (citations and quotations omitted). Nothing in the SAC or the court filings suggests that Plaintiff did not have a full and fair opportunity in the context of his criminal proceedings to litigate the issues raised in the instant action.  With respect to the validity of his arrest, the arresting defendants claimed reliance on the federal warrant, the warrant clearly referenced the existence of the federal indictment, and Plaintiff received copies of the warrant almost a year before his plea of guilty.  He therefore clearly could have challenged the probable cause determination underlying the indictment which served as the basis for both the warrant and his arrest, but he chose to not do so.  Cf. Berman v. Turecki, 885 F. Supp. 528 (S.D.N.Y.

1995) (precluding claim of false arrest premised on allegedly invalid warrant, because plaintiff could have raised the issue in the prior criminal proceeding in which he pled guilty). Similarly, Plaintiff's claim that he was deprived of a probable cause hearing following his arrest could also have been raised, but Plaintiff instead chose to admit guilt to the crime charged in the federal indictment. Plaintiff's Fourth Amendment claims for false arrest against the arresting defendants in their individual capacities are therefore barred by res judicata.

Plaintiff's claims that certain items were seized unreasonably could also have been raised in the federal criminal proceeding through motions to suppress, and such motions could also have been made to the extent Plaintiff allegedly made any inculpatory statements before he was properly advised of his Miranda rights. Nothing in the SAC or the court filings suggests otherwise. Accordingly, Plaintiff's remaining claims are also barred by res judicata.

In light of the above rulings, the Court need not address the remaining arguments raised in the parties' submissions, arguments which were considered thoroughly.

## CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss the Second Amended Complaint is granted. The Clerk of Court is respectfully requested to terminate Docket Entry No. 29, enter judgment in Defendants' favor, and close this case.

SO ORDERED.

Dated:      New York, New York
            March 2 , 2009

                                        LAURA TAYLOR SWAIN
                                        United States District Judge